# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 30, 2013

Lyle W. Cayce
Clerk

No. 12-51126
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ESQUIVEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1880-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roberto Esquivel appeals the within-guidelines sentence imposed following his guilty plea conviction for two counts of aiding and abetting smuggling goods out of the United States in violation of 18 U.S.C. §§ 2 and 554(a). He contends that the district court erred when it denied him a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Esquivel argues that he satisfied the requirements for acceptance of responsibility because he pleaded guilty,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted his participation in the offense, and provided a detailed account of his conduct after the presentence report was prepared and at the time of sentencing.

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). "We will affirm a sentencing court's decision not to award a reduction" pursuant to § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

The district court denied Esquivel's request for an acceptance of responsibility reduction noting that although Esquivel pleaded guilty, he did not admit to the elements of the offense during the presentence interview. The district court reasoned that the presentence interview statement could not be corrected by Esquivel's subsequent confession to the court and that Esquivel had continued to minimize his knowledge of the offense by providing as little information as he thought necessary. Above all because defense counsel at sentencing acknowledged that Esquivel "did not elaborate the complete role that he played," Esquivel has not shown that the district court's denial of a reduction for acceptance of responsibility was without foundation. *See id.* Accordingly, the district court's judgment is AFFIRMED.